UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

December 4, 2014

LETTER TO PLAINTIFF AND COUNSEL:

    RE:    *Karen D. Jackson v. Commissioner, Social Security Administration*;
            Civil No. SAG-14-0870

Dear Counsel:

    On March 21, 2014, the Plaintiff, Karen D. Jackson, petitioned this Court to review the Social Security Administration's final decision to deny her claim for Supplemental Security Income ("SSI"). (ECF No. 1). I have considered the Commissioner's motion for summary judgment and the letter response filed by Ms. Jackson, who appears *pro se*. (ECF Nos. 17, 19). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2014). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater,* 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion. This letter explains my rationale.

    Ms. Jackson filed her claim on April 15, 2009, alleging disability beginning on December 1, 2008. (Tr. 21). Her claim was denied initially on November 6, 2009, and on reconsideration on October 5, 2010. (Tr. 65-68, 71-72). A hearing was held on December 15, 2011, before an Administrative Law Judge ("ALJ"), at which Ms. Jackson was represented by counsel. (Tr. 32-62). Following the hearing, on January 9, 2012, the ALJ determined that Ms. Jackson was not disabled during the relevant time frame. (Tr. 18-31). The Appeals Council denied Ms. Jackson's request for review, (Tr. 7-10), so the ALJ's decision constitutes the final, reviewable decision of the agency.

    The ALJ found that during the relevant time period, Ms. Jackson suffered from the severe impairments of chronic obstructive pulmonary disease, depression, and obesity. (Tr. 23). Despite these impairments, the ALJ determined that Ms. Jackson retained the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(b) and 20 CFR 416.967(b), with the additional limitation that she can do work that occasionally requires climbing, and frequently requires balancing, stooping, kneeling, crouching, and crawling. She needs to work in a well-ventilated area. She needs to avoid concentrated exposure to extreme cold and heat, and concentrated exposure to

>   humidity. Because of her mental impairments, she can perform jobs consisting of unskilled, routine, and repetitive tasks, with only occasional interaction with the public and coworkers.

(Tr. 25). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Jackson could perform jobs that exist in significant numbers in the national economy, and that she was therefore not disabled during the relevant time frame. (Tr. 27-28).

I have carefully reviewed the ALJ's opinion and the entire record. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the Commissioner's decision generally comports with regulations, (2) reviewing the ALJ's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the ALJ's findings). For the reasons described below, substantial evidence supports the ALJ's decision.

The ALJ ruled in Ms. Jackson's favor at step one, finding that she had not engaged in substantial gainful activity since the application date. (Tr. 23). The ALJ's sequential evaluation appears to address, at step two, each of the impairments Ms. Jackson suffered during the relevant time frame. As noted above, the ALJ concluded that several of Ms. Jackson's impairments were severe. Moreover, the ALJ considered Ms. Jackson's allegation that she suffered from osteoarthritis in her back, knee, and shoulder. (Tr. 23). The ALJ found that osteoarthritis was a non-severe impairment during the relevant time frame, citing to isolated medical records demonstrating knee pain on one occasion in 2008 and back pain on one occasion in 2009, and to a consultative examination report showing no impairment of the back or knees. *Id.* After finding at least one severe impairment, the ALJ continued with the sequential evaluation process and considered all of the impairments, both severe and non-severe, that significantly impacted Ms. Jackson's ability to work. *See* 20 C.F.R. §§ 404.1523; 416.923. For example, the ALJ included postural limitations in Ms. Jackson's RFC which appear targeted to address her pain. Accordingly, I find no basis for remand.

At step three, the ALJ determined that Ms. Jackson's impairments did not meet the specific requirements of, or medically equal the criteria of, any listings. (Tr. 23-24). The ALJ considered the specific requirements of Listings 3.00 *et seq.,* which pertain to the respiratory system, and Listings 12.00 *et seq.,* which govern mental disorders. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 3.00, 12.00. I agree that no listings are met, and that no medical source has opined that Ms. Jackson's impairments meet any listing.

At step four, the ALJ summarized Ms. Jackson's subjective complaints. (Tr. 24-25). The ALJ did not find Ms. Jackson's statements concerning the intensity, persistence, and limiting effects of her symptoms to be fully credible. (Tr. 25). Specifically, as noted above, the ALJ relied upon the lack of any significant medical records, as of the date of the ALJ's opinion, supporting Ms. Jackson's allegations of knee pain, back pain, and shoulder pain. (Tr. 23).

Moreover, the ALJ cited to the physical consultative examination report, which reflected an essentially normal exam. (Tr. 23, 376-80). The physical evidence of record is so sparse that at least one reviewing physician determined that Ms. Jackson's physical impairments were non-severe. (Tr. 399). The ALJ disagreed, and imposed limitations accounting for Ms. Jackson's chronic obstructive pulmonary disease and obesity. (Tr. 23, 25).

With respect to the mental health evidence, the ALJ cited to records that Ms. Jackson lives alone, interacts appropriately at examinations, goes out in public and with friends, transported herself to appointments, and has not sought regular mental health treatment. (Tr. 24-27). The ALJ assigned "great weight" to the opinions of the state agency psychological consultants, who opined that Ms. Jackson would have moderate limitations in social functioning and was capable of following and understanding only simple instructions and performing basic tasks. (Tr. 397) (Dr. Lessans's opinion); (Tr. 429) (Dr. Wessel's opinion). The ALJ incorporated those limitations into the RFC assessment, by restricting Ms. Jackson to "jobs consisting of unskilled, routine, and repetitive tasks, with only occasional interaction with the public and coworkers." (Tr. 25).

My review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Even if there is other evidence that may support Ms. Jackson's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In considering the entire record, I find the ALJ's RFC determination was supported by substantial evidence. Ms. Jackson notes that she filed another SSI case that was approved. (ECF No. 19). Although the file contains no evidence of that separate determination, it is possible that a subsequent filing could have been approved on the basis of medical records showing increased impairment over time. *See* (ECF No. 19) ("My health isn't getting better, it's declining."). The medical records existing at the time of the ALJ's determination in this case, however, provide substantial evidence to support the ALJ's assessment and do not support a determination of disability.

At step five, the ALJ next considered the impact of Ms. Jackson's age and level of education on her ability to adjust to work. (Tr. 27-28). Relying on the Medical-Vocational Guidelines, 20 C.F.R. Pt. 404, Subpt. P, App. 2, the ALJ correctly found that an individual of Ms. Jackson's age, education, work experience, and a light RFC is not considered disabled *per se*. *Id.* Since Ms. Jackson's RFC assessment contained additional non-exertional limitations, the ALJ asked the VE whether jobs existed in the national economy that were suited to Ms. Jackson's particular assessment. (Tr. 58-59). The VE testified that a person with Ms. Jackson's RFC would be capable of performing the jobs of mail clerk or cashier. (Tr. 59). Based on the VE's testimony, the ALJ concluded that Ms. Jackson is capable of successfully adjusting to work that exists in significant numbers in the national economy. (Tr. 28). While I note that, arguably, the job of cashier could involve more social interaction than contemplated by the RFC assessment, the job of mail clerk alone exists in sufficient numbers to substantiate the ALJ's

*Karen D. Jackson v. Commissioner, Social Security Administration*
Civil No. SAG-14-0870
December 4, 2014
Page 4

conclusion.  *See* (Tr. 59); *cf. Lawler v. Astrue*, No. 09-1614, 2011 WL 1485280, at *5 (D. Md. Apr. 19, 2011) (finding that the fact that there were only 75-100 jobs in the region where plaintiff lives "does not undermine the ALJ's conclusion that plaintiff is capable of performing work that exists in significant numbers in the national economy."); *Hicks v. Califano*, 600 F.2d 1048, 1051 n. 2 (4th Cir. 1979) (declining to determine that 110 regional jobs would be an insignificant number).  I therefore find that the ALJ's determination was supported by substantial evidence.

For the reasons set forth herein, the Commissioner's motion for summary judgment (ECF No. 17) will be GRANTED.  The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge